UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE PATRIOT VOICE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:23-CV-00896 |
| | § | |
| TOTAL SYSTEMS SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, The Patriot Voice, Inc. ("Plaintiff" or "TPV"), by counsel, files the following Complaint against Defendant, Total System Services, LLC ("TSYS"), and respectfully represents the following:

## I. INTRODUCTION

1.      This case involves the theft of Plaintiff's personal property and injury to Plaintiff's business and reputation caused by a device, scheme or artifice to defraud.

2.      TPV is a closely-held grassroots organization that puts together events for conservatives.   TPV's events showcase pertinent and dynamic conservative speakers and performing artists whose messages are timely and relevant.

3.      TPV's goal is that all who attend its events leave with new hope for America and its future and with a new passion to go home and get involved in their respective local communities.  TSYS served as the payment processer for a TPV event in Dallas, Texas, scheduled to take place in January 2023.  After TSYS took possession of thousands of dollars in advance payments from attendees of the Dallas event, TSYS unilaterally terminated payment processing services for TPV, forcing TPV to cancel the event.

1

4.     Cancelation caused TPV to incur over $370,000 in out-of-pocket pecuniary losses, including non-refundable hotel and performance deposits, fees paid for keynote speakers, marketing and publicity costs, and refunds paid to ticket holders in addition to losses of approximately $1,500,000 in likely profit and another $6,000,000 in likely profits from future events due to the reputational damage.

5.     TPV brings this action, and seeks out-of-pocket damages, lost profits, treble damages, and punitive damages in the amount of $18,000,000 as a result of TSYS's intentional and tortious conduct.

## II.  PARTIES

6.     TPV is a corporation headquartered in Southlake, Texas (Tarrant County).  TPV is owned and operated by John Sabal.

7.     TSYS is a Georgia corporation headquartered in Atlanta.   TSYS is a public company (NYSE:GPN) that maintains offices and agents in Texas, and transacts substantial business throughout Texas, including in this district.  TSYS is a payments technology company that offers software and services to approximately 4.0 million merchant locations and more than 1,500 financial institutions across more than 170 countries throughout North America, Europe, Asia-Pacific and Latin America.  TYSY may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## III.  JURISDICTION AND VENUE

8.     The United States District Court for the Northern District of Texas has subject matter jurisdiction over this action pursuant to Title 28 U.S.C. § 1332 (Diversity).  The parties are citizens of different States.   The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9.     TSYS is subject to personal jurisdiction in Texas because Plaintiff's

cause of action arises out of TSYS's contacts directed toward Texas.  TSYS deliberately reached out to Texas by marketing its services in Texas and by contracting with Plaintiff, a Texas-based business.  In doing so, TSYS has purposefully availed itself of the privilege of doing business in Texas and can reasonably anticipate being sued in Texas.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's cause of action occurred in this district.

### IV.  STATEMENT OF MATERIAL FACTS

11.     TPV began work on its first event, "The Patriot Roundup", in January 2021.  That event happened in Dallas over Memorial Day weekend in 2021.  TPV started selling event tickets in early March 2021 on the ticketing platform site, Brushfire. [https://www.brushfire.com/].  Brushfire required TPV to have a "payment gateway" to process the ticket sales.  TPV initially used Square.  After Square cancelled TPV from its platform, TPV was introduced to One Source Solutions.  One Source Solutions set up TPV with First Data Corporation as the payment processer.

12.     First Data processed payments for the first two TPV events (Patriot Roundup in Dallas – May 2021 and "Patriot Double Down" in Las Vegas – October 2021).  First Data was also TPV's payment processer for two events scheduled to take place in 2022 and 2023 ("Patriot Revival" and "Victory Roundup").

13.     In November 2022, without warning, TPV's ticket sales system stopped working.  People attempting to purchase tickets got an error message that their cards were "declined."  TPV contacted One Source Solutions.  One Source contacted First Data. On December 5, 2022, First Data confirmed that it had terminated TPV's services effective November 22, 2022.  First Data offered no reason.

14.     One Source Solutions immediately connected TPV with TSYS.   On November 22, 2022, TSYS approved One Source Solutions/TPV's account and assigned a merchant identification number.   On November 24, 2022, TSYS notified TPV by email that the account was "ready to start processing payments."

15.     TSYS never disclosed and concealed from TPV the fact that there were "risk parameters" associated with the account.   In reliance on TSYS's representations and omissions, TPV started selling tickets.   This was a critical time for ticket sales because, as TSYS knew, the Dallas event was scheduled to take place in January 2023, and TPV had already incurred substantial operating expenses, including advance deposits for the hotel, performances and to book keynote speakers.

16.     On December 6, 2022, TPV learned that TSYS had failed to pay TPV for  a certain transaction.   TPV contacted TSYS directly.   A TSYS representative stated that the transaction was either "too large" for TSYS to process or was "outside of our risk parameters".   The TSYS agent informed TPV that he would "check into it." He called back a few minutes later, and stated that the "Risk Department" had put TPV's account on "full reserve hold" because TPV was an "exclusionary business".

17.     At the time TSYS put TPV's account on hold, TSYS was in possession of thousands of dollars of unprocessed ticket sales that belonged to TPV—likely about $10,000.  TPV demanded that TSYS release the hold and process the payments.  TSYS refused.

18.     On December 9, 2022, TSYS emailed TPV as follows:

> Dear John,
>
> TSYS processes the Visa, MasterCard, AMEX and Discover transactions for the above listed merchant account.  After further review of the businesses we have determined that we will no longer be able to process transactions for the business.
>
> When we discover a merchant's business no longer meets our criteria, we must assess the risk for that account and take appropriate action.  Therefore, TSYS regrets to inform you that the merchant account will be closed effective 12/9/2022.  TSYS is currently holding funds; these funds may be held for a minimum of 180 days or until the Risk Exposure is over.

The statements in the second paragraph of TSYS's email were false. TSYS refused to explain why it concluded that TPV was an "exclusionary business" or a what "criteria" TPV "no longer" met or why there was any "Risk Exposure".

19.     As a direct and proximate result of TSYS's actions, TPV was forced to cancel the January 2023 event in Dallas.   TPV suffered substantial pecuniary loss and injury to its business and reputation as a result.

20.     TPV had paid $378,290 to various vendors to reserve the venue, market the event, reserve performing artists, audio equipment, etc.  TSYS's actions directly and proximately caused TPV to lose this entire investment in the event.   TPV estimates, based on ticket sales from previous events that it would have profited approximately $1,500,000 from this event.

21.     TSYS's actions effectively destroyed TPV's reputation as an event hosting business.  After hosting two large and successful events, TPV was in a position to approach sponsorship partners to obtain funding for future events.  TPV met with one sponsor, Patriot Mobile, in late 2022 to put together a sponsorship plan for future events, which would include two events per year over a ten-year period.   TSYS's actions caused Patriot Mobile to pull out of this potential partnership.   Potential attendees to TPV's events also became wary of purchasing tickets for fear that the event would be cancelled.

22.     Because TSYS's actions destroyed TPV's reputation, it is unlikely that

TPV will be able to host two events over the next ten years, as TPV had planned. TPV would likely have profited $1 million to $1.5 million per event.

## V.    CAUSES OF ACTION

### COUNT I – FRAUD IN THE INDUCEMENT

23.    TPV restates the foregoing paragraphs of this Complaint and incorporates them herein by reference.

24.    TSYS fraudulently induced TPV to accept and use TSYS as a payment processor by misrepresenting and concealing that there were "risk parameters" associated with the account and that TSYS could put a hold on TPV's account if it concluded that TPV was an "exclusionary business". TSYS knew that TPV and its agents were acting on the assumption that there were no "risk parameters" associated with the account, and that TSYS could not simply seize TPV's funds and deprive TPV of its property on a whim.

25.    TSYS knew how important it was for TPV to have a payment processor, given the proximity of the Dallas event. TPV reasonably and justifiably relied upon TSYS's misrepresentations and omissions by selling tickets using TSYS's payment processing system.

26.    TSYS's representations were false at the time they were made. TSYS concealed the material fact that it discriminates against conservatives and/or on the basis of ideology or political viewpoint, and that it intended to terminate merchant services to organizations like TPV. TSYS's intentional misrepresentations, concealment and non-disclosures were material to TPV's decision whether to transact business with TSYS.

27.    TSYS acted under false and deceitful pretenses and with the intent to injure TPV by inducing TPV to enter into a business transaction that TSYS knew it

6

intended to terminate.

28.    TSYS's representations, actions, omissions and nondisclosure, and concealment constitutes fraud in the inducement.

29.    As a direct and proximate result of TSYS's fraud, TPV suffered damage and incurred loss, including, without limitation, loss of income and injury to its business, injury to its reputation and good will, pecuniary loss and special damages, attorney's fees, court costs, and other damages in the sum of $6,000,000.00 or such greater amount as is determined by the Jury.

**COUNT II – <u>DECEPTIVE TRADE PRACTICES</u>**

30.    TPV restates the foregoing paragraphs of this Complaint, and incorporates them herein by reference.

31.    TPV is a corporation who sought or acquired by purchase or lease goods or services from TSYS.    TPV does not have assets of $25 million or more and is not owned or controlled by a corporation or entity with assets of $25 million or more.

32.    TSYS's acts and conduct, as alleged above in this Complaint, constitute unlawful, unfair, false, misleading, deceptive and/or fraudulent business acts or practices as defined by Texas's Deceptive Trade Practices-Consumer Protection Act (the "Act").

33.    TSYS knowingly and intentionally engaged in one or more false, misleading, or deceptive acts or practices, including acts and practices proscribed by § 17.46(b)(5), (7), (8), and (24) of the Act.    These acts included misrepresentations regarding the characteristics and benefits of its services by TSYS failing to disclose that its services are not accessible to politically conservative organizations like TPV until after TPV had already relied to its own detriment on TSYS's representations regarding its services.    TSYS also disparaged TPV's services through false or

7

misleading representations in labeling it an "exclusionary business."

34.     TPV relied on TSYS's false, misleading or deceptive acts in conducting its business, selling tickets and moving forward with the Dallas event.

35.     TSYS's actions also constitute an unconscionable action or course of action.   To TPV's detriment, TSYS took advantage of TPV's lack of knowledge, experience, or capacity to understand the payment processing business to a grossly unfair degree.

36.     TSYS's actions are fundamentally oppressive, immoral, unethical, and injurious to consumers because TSYS's actions allows it to lie to parties who use its services by claiming that termination is justified by some undefined "risk" manufactured after-the-fact by TSYS.

37.     As a direct and proximate result of TSYS's false, misleading or deceptive acts and practices, TPV suffered damage and incurred loss, including, without limitation, loss of income and injury to its business, injury to its reputation and good will, pecuniary loss and special damages, attorney's fees, court costs, and other damages in the sum of $6,000,000.00 or such greater amount as is determined by the Jury.

38.     TSYS's violations of the Act were intentional and/or with flagrant disregard of prudent and fair business practices.  Accordingly, TPV seeks three times the amount of its damages pursuant to Tex. Bus. & Com. Code § 17.45 in the amount of $18,000,000.

**COUNT III – <u>BREACH OF CONTRACT</u>**

39.     TPV restates the foregoing paragraphs of this Complaint, and incorporates them herein by reference.

40.     TPV was a party and/or intended third-party beneficiary of the

merchant services contract pursuant to which TSYS provided payment processing services.

41.     TSYS materially breached and repudiated the contract with TPV by seizing TPV's funds and refusing to process payments.  TSYS's conduct violated the implied covenant of good faith and fair dealing.

42.     As a direct result of TSYS's breach of contract, TPV suffered damage and incurred loss, including, without limitation, loss of income and injury to its business, injury to its reputation and good will, pecuniary loss and special damages, attorney's fees, court costs, and other damages in the sum of $6,000,000.00 or such greater amount as is determined by the Jury.

TPV alleges the foregoing based upon personal knowledge, public statements of others, and records in its possession.  TPV believes that substantial additional evidentiary support, which is in the exclusive possession of TSYS and its agents, will exist for the allegations and claims set forth above after a reasonable opportunity for discovery.

**COUNT IV – <u>CONVERSION</u>**

43.     TPV restates the foregoing paragraphs of this Complaint, and incorporates them herein by reference.

44.     At all relevant times, TPV had a clear, definite, undisputed and obvious property right in and to the proceeds of ticket sales, to which TPV was entitled to immediate possession.

45.     TSYS had no lawful right to withhold possession of TPV's funds.

46.     TSYS wrongfully exercised and assumed authority over TPV's personal property, depriving TPV of possession.  TSYS wrongfully exerted dominion over property in which TPV had an interest in denial of and inconsistent with TPV's rights

9

and interests.  TSYS had no right or authority to deprive TPV of possession and/or the benefit of its funds.

47.     TSYS's actions deprived TPV of approximately $10,000 of ticket sales revenue over which it continues to exercise unlawful possession.  TSYS's actions in holding these funds and refusing to refund the money to TPV or TPV's customers further damaged TPV's reputation for which TPV seeks damages.

**COUNT V – <u>MONEY HAD AND RECEIVED</u>**

48.     TPV restates the foregoing paragraphs of this Complaint, and incorporates them herein by reference.

49.     TSYS holds proceeds from ticket sales to TPV's customers in its possession that rightly belongs to TPV.

50.     TPV seeks recovery of this money in the approximate amount of $10,000 so that it can refund this money to its customers and mitigate the damage to its reputation.

**<u>PRAYER</u>**

WHEREFORE, TPV respectfully requests the Court to enter Judgment against TSYS as follows:

A.     Out-of-pocket economic damages in the amount of $378,290 or such greater amount is may be determined by the jury;

B.     Lost profits economic damages in the sum of $6,000,000.00 or such greater  amount as may determined by the Jury;

C.     Treble damages in the sum of $18,000,000.00 in accordance with § 17.50 of the Texas Business and Commercial Code;

D.     Punitive damages in an amount determined by the Jury to be sufficient

to deter TYSY from similar conduct in the future;

      E.      Prejudgment interest on the principal sum awarded by the Jury at the maximum rate allowed by law;

      F.      Postjudgment interest at the maximum rate allowed by law;

      G.      Reasonable attorneys' fees, costs and other recoverable amounts as allowed by law;

      H.      Such other relief as is just and proper.

Respectfully submitted,

/s/ *Paul Davis*

Paul M. Davis
Texas Bar No. 24078401
Paul M. Davis & Associates, P.C.
9355 John W. Elliott Dr. #25454
Frisco, TX 75034
945-348-7884
paul@fireduptxlawyer.com

ATTORNEY FOR PLAINTIFF
THE PATRIOT VOICE, INC.