IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE PATRIOT VOICE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 4:23-CV-00896 |
| | § | |
| TOTAL SYSTEM SERVICES, LLC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT TOTAL SYSTEM SERVICES, LLC'S MOTION TO SET
DEADLINE TO MOVE, ANSWER, OR OTHERWISE RESPOND
TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Total System Services, LLC's ("TSYS") moves the Court to set its deadline to move, answer, or otherwise respond to Plaintiff's Original Complaint ("Complaint") as November 30, 2023. As grounds therefor, TSYS states the following:

### I.     MOTION

Plaintiff The Patriot Voice, Inc. ("Plaintiff") filed this lawsuit on August 30, 2023 (Dkt. #1). That same day, the Court docketed an issuance of summons (Dkt. #4). Plaintiff did not file a return of summons until nearly two months later, on October 26, 2023 (Dkt. #6). Plaintiff claims to have served the Complaint and summons on TSYS's registered agent on September 18, 2023.

TSYS never received service from its registered agent. TSYS contends Plaintiff did not properly serve the lawsuit. Upon learning of Plaintiff's filing of the return of summons, TSYS reviewed its records and confirmed it had no record of receiving service. Rather than squander the Court's and parties' resources challenging the efficacy of Plaintiff's alleged attempt to serve TSYS, TSYS instructed its counsel to contact Plaintiff's counsel to address the confusion

regarding service, and work to agree to a deadline for TSYS to appear and defend against the lawsuit.

On the morning of October 30, 2023, TSYS's counsel called Plaintiff's counsel for this purpose. TSYS's counsel was told Plaintiff's counsel was in a staff meeting. TSYS's counsel identified himself as representing TSYS, and stated he was calling to discuss the above-captioned lawsuit. TSYS's counsel was told Plaintiff's counsel would call him following the staff meeting. At the time of the phone call, Plaintiff had not moved for entry of default and a default judgment.

Plaintiff's counsel never called TSYS's counsel back. Rather, at some point after receiving the phone call, Plaintiff's counsel filed a Motion for Entry of Default and Motion for Default Judgment (Dkt. #6) on Plaintiff's behalf. Noticing he had not heard from Plaintiff's counsel, despite several hours having passed, TSYS's counsel checked the docket. Upon doing so, he learned Plaintiff's counsel had moved for default judgment. He promptly called Plaintiff's counsel and left a voicemail to again inform Plaintiff's counsel of TSYS's intent to appear and defend against the lawsuit. He also sent Plaintiff's counsel an email.

Since that time, TSYS's counsel and Plaintiff's counsel have exchanged multiple emails. Through this process, Plaintiff's counsel has informed TSYS's counsel that Plaintiff opposes the relief sought herein and intends to further pursue its motion for default judgment, despite knowledge of TSYS's intent to appear and defend against the lawsuit and the questions regarding the efficacy of service.

TSYS maintains it has not been served. Accordingly, TSYS maintains that it does not currently have a deadline to move, answer, or otherwise respond to the Complaint. Plaintiff does not agree. To avoid wasting resources litigating the appropriate deadline to move, answer, or otherwise respond to the Complaint, TSYS moves the Court to set its deadline to move, answer,

or otherwise respond to the Complaint. TSYS does so reserving all rights and without waiving any defenses to the Complaint, including, but not limited to, challenges concerning venue, jurisdiction, or any other defense it may raise by motion under Federal Rule of Civil Procedure Rule 12(b) or any other applicable rule, law, and / or agreement. TSYS moves the Court to set its deadline to so move, answer, or otherwise respond to the Complaint as **November 30, 2023**.

This deadline will provide TSYS sufficient time to review and investigate the allegations, prepare any responsive pleadings or motions, and explore the possibility of settling Plaintiff's claims. TSYS seeks this relief for efficiency's sake. TSYS does not seek this relief in bad faith or for the purposes of delay. Good cause exists for granting this relief. Given this lawsuit is in its beginning stages, the chronology, and Plaintiff's litigation conduct to this point, Plaintiff will not be prejudiced by granting such relief. Granting this relief, will not negatively affect the proceedings in this cause.

## II.     CONCLUSION AND PRAYER

WHEREFORE, TSYS prays the Court set its deadline to move, answer, or otherwise respond to Plaintiff's Complaint as **November 30, 2023**.

Respectfully Submitted,

/s/ Matthew K. Hansen
Matthew K. Hansen
State Bar No. 24065368
mkhansen@lockelord.com
Jessica L. Rolls
State Bar No. 24116986
jessica.rolls@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANT TOTAL SYSTEM SERVICES, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Local Rule 7.1 (a), I have conferred Plaintiff's counsel, Paul Davis, on October 30, 2023, and he affirmed Plaintiff opposes the relief sought herein because Plaintiff intends to pursue its motion for default judgment.

/s/ Matthew K. Hansen
Matthew K. Hansen

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following counsel of record via ECF transmission on October 31, 2023:

Paul M. Davis
Paul M. Davis & Associates, P.C.
9355 John W. Elliot Dr.
Suite 25454
Frisco, TX 75033
paul@fireduptxlawyer.com

/s/ Matthew K. Hansen
Matthew K. Hansen