UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE PATRIOT VOICE, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL CASE NO. 4:23-CV-00896 |
| TOTAL SYSTEM SERVICES, LLC | § § § | |
| Defendant. | § | |

**PLAINTIFF'S SUPPLEMENT TO MOTION FOR DEFAULT JUDGMENT**

COMES NOW, Plaintiff, The Patriot Voice, Inc. ("TPV" or "Plaintiff") and brings this Supplement to its Motion for Clerk's Entry of Default and Motion for Default Judgment (Doc. No. 6) (the "Motion for Default") against Defendant, Total System Services, LLC ("TSYS" or "Defendant"), and in support thereof, respectfully represents the following:

1. Although, "entry of judgment by default is a drastic remedy which should only be used in extreme situations," *Wendt v. Pratt*, 154 F.R.D. 229, 230 (D. Minn. 1994) (citing *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir. 1968), "[i]t is well established that the district court has the authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." *Flaksa*, 389 F.2d at 887.

2. Notwithstanding the Court's order granting Defendant Motion for Extension of Time to File Answer (Doc. No. 7), Plaintiff files this supplement to make the Court fully aware of all the circumstances surrounding TSYS's failure to answer the lawsuit by the deadline imposed by the Federal Rules of Civil Procedure because the Court "has a wide range of lesser sanctions" it could use in its discretion. *Id.*

3. The Declaration of Paul Davis attached hereto as **Exhibit D**, sets forth the following indisputable facts and the evidence for each: (1) a document from TSYS's registered agent,

1

CT Corp.'s, own portal reflects it did, in fact, receive service of this lawsuit by September 19 at the latest, resulting in an answer deadline for TSYS of Monday, October 9, 2023, (2) TSYS failed to respond to this lawsuit by the answer deadline of October 9, 2023, (3) TSYS had actual notice of the lawsuit as of October 12, 2023, and (4) TSYS did not indicate an intent to respond to the lawsuit until after the Motion for Default was filed.

4. Because of the apparent gamesmanship described in Exhibit D, by TSYS and its registered agent, CT Corp. to use avoidance and delay tactics in answering this lawsuit, Plaintiff was prejudiced in incurring attorneys' in the amount of $2,110 necessary to draft the Motion for Default and research the procedure and legal standards. To the extent the Court is unwilling to impose the drastic remedy of default judgment on these fact, Plaintiff requests some lesser sanction, preferably in the form of attorneys' fees awarded either on an interlocutory basis or upon final judgment, due to Defendant's apparent dilatory tactics.

5. Wherefore, Plaintiff requests the Court enter the proposed order setting a hearing on its Motion for Default wherein Plaintiff will present testimony from NPS and documentary evidence of TSYS's dilatory tactics in concert with its registered agent, CT Corp, and requests all other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Paul Davis*
Paul M. Davis
Texas Bar No. 24078401
Paul M. Davis & Associates, P.C.
9355 John W. Elliott Dr. #25454
Frisco, TX 75034
945-348-7884
paul@fireduptxlawyer.com

ATTORNEY FOR PLAINTIFF
THE PATRIOT VOICE, INC.

3

## CERTIFICATE OF SERVICE

    I hereby certify that I served the foregoing document on counsel for Defendant via the Court's ECF system on November 1, 2023.

                                                /s/ *Paul M. Davis*
                                                Paul M. Davis

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE PATRIOT VOICE, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL CASE NO. 4:23-CV-00896 |
| TOTAL SYSTEM SERVICES, LLC | § § | |
| Defendant. | § § | |

## DECLARATION OF PAUL M. DAVIS

My name is Paul Davis, and I am competent to make this declaration. I hereby, swear and affirmed under penalty of perjury that the following is true and correct:

On August 30, 2023, I engaged National Process Service LLC ("NPS") to serve Defendant, Total System Services, LLC ("TSYS") through its registered agent listed on the Texas Secretary of State's SOSDirect website, which is CT Corp., located at 1999 St., #900, Dallas, TX 75201.

NPS later informed me on September 19, 2023, that it had served TSYS through CT Corp. On October 11, 2023, because TSYS had still not responded to this lawsuit, I sent the email attached as Exhibit B to the Motion for Clerk's Entry of Default and Motion for Default Judgment (Doc. No. 6) (the "Motion") to Christopher Knight, a contact The Patriot Voice ("TPV") informing him that the complaint and summons had been served on September 19 (I found out later it was actually served on September 18) and that TSYS was in default. I asked him to forward the complaint

1

and summons to TSYS's general counsel. As reflected in Exhibit B to the Motion, Mr. Knight responded the next day saying he had forwarded the documents to the TSYS legal department.

On October 11, 2023, I also emailed NPS to request the return of service for filing. NPS informed me that their data server where the return of service was stored had crashed and that they were in the process of recovering documents lost in the crash. I finally received the return of service on October 27, 2023 and filed it on the Court's docket.

Because TSYS had not responded to the lawsuit despite having been served on September 18 and given actual notice of the lawsuit on October 12, TPV urged me to file a motion for default judgment, which I began drafting on October 27 and completed on October 29. Having never litigate a motion for default before, my staff and I spent a substantial amount of time researching the process and legal standards and drafting the motion and accompanying documents. As a result of TSYS failure to respond to the lawsuit, TPV incurred $2,110 worth of attorneys' fees in preparing the Motion.

I had planned to finalize and file the Motion on the morning of October 30, 2023. I was in a meeting with my staff at around 10:45 that morning when my paralegal, Amy Coello, delivered me a message saying that an attorney from Locke Lord had called and wanted me to call him back. She did not know which case the attorney was calling about but gave me his name and number.

2

I thought the call could possibly relate to this lawsuit, but I also thought if it was an attorney calling for TSYS, they would likely have at least filed a notice of appearance. My typical order of operations is to finish the work on my to-do list prior to returning phone calls, unless urgent. Upon seeing that there were still no docket entries reflecting any intent of TSYS to respond to the lawsuit, I went ahead and filed the Motion and moved on to other work on my to-do list, intending to return the phone call after I had finished a few more items.

At 3:33 p.m. I received an email from counsel for TSYS, clearly upset that I had not yet returned his phone call and had filed the motion, indicating that he believed I had somehow acted improperly despite the fact that I had no indication at that point of TSYS's intent to respond to the lawsuit other than a vague message from my paralegal to return a phone call from a lawyer named Matthew Hansen at Locke Lord.

Notably, Mr. Hansen indicated to me in his email: "Although you filed a return of summons on Friday, October 27, 2023, my client has never received service of this lawsuit—and has checked repeatedly, since you initial filed the lawsuit and the docket reflected that you had issued summons."

I am not at all suggesting Mr. Hansen has in any way acted improperly. I believe he was merely repeating what his client told him. The reason I quote this line from his email is that I have reason to believe CT Corp and TSYS were engaged in some form of gamesmanship to avoid responding to this lawsuit and that

3

gamesmanship resulted in prejudice to my client in having to incur legal fees for preparation of the Motion.

There are a few reasons I believe there was gamesmanship involved with delay tactics and avoidance of service between TSYS and CT Corp. I had a lengthy discussion with Casey Littlejohn, the owner and operator of NPS, regarding the difficult NPS has had in dealing with serving CT Corp to where they will use several apparent tactics to make it extremely difficult for their clients to get served which include: (1) "denying" service by claiming their customer is late on their payment for service, (2) keeping erratic and arbitrary office hours that make it difficult to predict when a representative from CT Corp. will be available to accept service, (3) using building security to prevent process servers from having access to the CT Corp. office, and (4) otherwise "denying" service without any legitimate excuse.

As far as TSYS's part in avoidance and delay tactics, Mr. Hansen's email clearly indicates that TSYS was monitoring the docket, where he stated TSYS "has checked [the docket] repeatedly." Clearly TSYS had actual knowledge of the lawsuit since at least October 12, 2023 via Mr. Knight's email after having been actually served through CT Corp. on September 18, 2023. Exhibit D, attached hereto, is a true and correct copy of the filing receipt NPS received from CT Corp. via its portal the day after actual service occured, which would seem to be clear and convincing evidence that CT Corp. did receive the summons and complaint in this lawsuit.

Further casting doubt that CT Corp. and TSYS were acting in good faith in failing to respond to this lawsuit until after TPV filed the Motion is Mr. Hansen's

4

statement in a follow up email on October 31, 2023 in which he indicated that CT Corp. had "confirmed" to him that the summons and complaint had not been served despite its own portal reflecting that it had.

Possibly, there is some innocent explanation for all of this, but the facts remain that (1) CT Corp. did receive service of this lawsuit on September 18, 2023 (or September 19 at the latest—either date resulting in an answer deadline of Monday, October 9, 2023), (2) TSYS failed to respond to this lawsuit by the answer deadline of October 9, 2023, (3) TSYS had actual notice of the lawsuit as of October 12, 2023, and (4) TSYS did not indicate an intent to respond to the lawsuit until after the Motion was filed.

Respectfully submitted,

*/s/ Paul Davis*
Paul M. Davis
Texas Bar No. 24078401
Paul M. Davis & Associates, P.C.
9355 John W. Elliott Dr. #25454
Frisco, TX 75034
945-348-7884
paul@fireduptxlawyer.com

ATTORNEY FOR PLAINTIFF
THE PATRIOT VOICE, INC.

# EXHIBIT D-1



**SOP Intake Portal**

# Job Submission

**Date:** Tue, Sep 19, 2023

**Time:** 12:28 PM

**Name:** National Process Service LLC

**Phone:** 512-354-7701

**Juris Served:** TX

**Job #:** 350369

**Total Entries:** 2

The following information was submitted by you electronically via our portal.

Please reference this job number when you arrive at our office to complete service.
We will email you confirmation of receipt of service following your office visit.
*NOTE: You do not need to bring the physical documents when you come in to the office.*

| Entity Served | Agent Name | Case No. | File Name |
|---|---|---|---|
| TOTAL SYSTEM SERVICES LLC | C T CORPORATION SYSTEM | 4:23-cv-00896-P | Summons to TSYS.pdf |
| TOTAL SYSTEM SERVICES LLC | C T CORPORATION SYSTEM | 4:23-cv-00896-P | TPV v TSYS Original Complaint.pdf |